**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000562
30-JUN-2014
09:16 AM**

NO. CAAP-11-0000562

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DARIN YAMASHIRO, Plaintiff/Counterclaim-Defendant/Appellee, v.
TERRY HAY, Defendant/Counterclaim-Plaintiff/Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC10-1-3188)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant/Counterclaim-Plaintiff/Appellant Terry Hay (Hay) appeals from a District Court of the First Circuit, Honolulu Division, (District Court) June 23, 2011 Judgment in favor of Plaintiff/Counterclaim-Defendant/Appellee Darin Yamashiro (Yamashiro).[1] The District Court found that landlord Yamashiro proved his damages by a preponderance of the evidence and was entitled to (1) damages for outstanding rent and damages due to tenant Hay's failure to maintain and care for the property, (2) attorneys' fees and court costs. The District court also credited Hay for a small claims judgment for withheld security deposit against Yamashiro, resulting in a total judgment amount of $7,865.40 in favor of Yamashiro.

On appeal, Hay maintains that the District Court: (1) erred in awarding Yamashiro damages due Hay's turning off the power to the water sprinklers; (2) erred in concluding that Yamashiro's entries onto the property did not violate the lease or the Residential Landlord-Tenant Code (Landlord-Tenant Code),

---

[1] The Honorable Hilary Benson Gangnes presided.

set forth in Hawaii Revised Statutes (HRS) Chapter 521 (2006 & Supp. 2013); (3) erred in awarding damages for February 2010 rent after Yamashiro had seized possession of the property for his own use; (4) erred in denying Hay damages and awarding Yamashiro damages for Hay's alleged breach of the lease because Yamashiro engaged in self-help; and (5) exceeded its jurisdiction in exercising authority over Hay's security deposit and the small claims judgment.

After reviewing the record on appeal, the points raised, the parties' arguments and the applicable legal authority, we resolve Hay's arguments as follows and affirm.

1. The District Court did not err in awarding $1,050.00 for landscaping damage due to Hay turning off power to the water sprinklers. Hay argues that "[t]he District Court's award of damages for not watering the landscape is not supported by the evidence."

The District Court found that:

> [A]lthough the lease clearly states that the defendant is not responsible for the pool or the landscaping,[2] the damage to the plants here caused by what the Court views as, and what I think any reasonable person would view as, Mr. Hay unreasonably turning off the electricity -- the power source to the sprinkler system and the pool pump.

Here, there is sufficient evidence to support the District Court's findings that Hay unreasonably turned off the electricity to the water sprinklers, resulting in the loss of about half of Yamashiro's 400 lawai ferns due to lack of water, and $1,050.00 in landscaping damage. Hay admitted to turning off the water sprinklers on January 29, 2010, and "did not turn them back on." Hay understood that when he turned off the water sprinklers, "[i]t would no longer be my water watering the landscaping." On February 3, 2010, when Hay gave Yamashiro's agent, CG&A, permission to go onto the property, he specifically instructed them not to turn on the electricity. When Yamashiro visited the property on February 8, 2010, the main circuit breaker and thus the sprinklers were off. Even where there is

---

2 Under the "Tenant's Responsibilities" provision of the Yamashiro/Hay lease, Hay "is responsible for ordinary maintenance including . . . lawn/yard care." Moreover, Hay "is responsible for . . . any damage caused by" him.

conflicting evidence in the record, we will not set aside a determination of the trier of fact, here the trial judge, who had the opportunity to judge the credibility of the witnesses, unless it is clearly erroneous.  Mitchell v. Branch, 45 Haw. 128, 139, 363 P.2d 969, 977 (1961).

2.    The District Court did not err in concluding that Yamashiro's entries onto the property did not violate the landlord-tenant code or the lease.  Hay argues that the District Court's conclusion that Yamashiro's entries onto the property were permitted under the Landlord-Tenant Code[3] and the lease was erroneous and that Yamashiro is thus not entitled to recover any damages for breach of the lease.

The District Court concluded that Yamashiro reasonably went onto the property to ensure that there would not be any damage to the pool, sprinkler system or landscape in light of Hay turning off the electricity.  The District Court further found that Hay had failed to show that Yamashiro unlawfully entered the

---

[3]    HRS § 521-53 (2006), which allows a landlord to enter a dwelling unit for limited purposes, provides:

> [§521-53]  **Access.**  (a) The tenant shall not unreasonably withhold the tenant's consent to the landlord to enter into the dwelling unit in order to inspect the premises; make necessary or agreed repairs, decorations, alterations, or improvements; supply services as agreed; or exhibit the dwelling unit to prospective purchasers, mortgagees, or tenants.
>
> (b)  The landlord shall not abuse this right of access nor use it to harass the tenant.  Except in case of emergency or where impracticable to do so, the landlord shall give the tenant at least two days notice of the landlord's intent to enter and shall enter only during reasonable hours.
>
> (c)  The landlord shall have no other right of entry, except by court order, unless the tenant appears to have abandoned the premises, or as permitted by section 521-70(b).

HRS § 521-70 (2006) provides in relevant part:

> §521-70  **Landlord's remedies for absence, misuse, abandonment and failure to honor tenancy before occupancy.** . . .
>
> (b)  The landlord may, during any extended absence of the tenant, enter the dwelling unit as reasonably necessary for purposes of inspection, maintenance, and safe-keeping or for the purposes permitted by section 521-53(a).

property or trespassed under the Landlord-Tenant Code or the lease. Based on our review of the record, we agree.[4]

3. The District Court did not err in awarding damages for Hay's failure to pay the February 2010 rent. Hay argues that the District Court erred as a matter of law in awarding Yamashiro rent for the period after Yamashiro took possession of the property for his own use on February 12, 2010.

Under the lease, if Hay failed to pay rent by the first-of-the-month due date, Yamashiro could give Hay "written notice demanding payment,"[5] and Yamashiro could terminate the lease if Hay did not pay the rent within the time specified after receipt of the written notice. The District Court found that Hay unreasonably failed to pay February 2010 rent.

The Hawai'i Supreme Court has stated that under common law, if the tenant breaches a lease the landlord may terminate the lease and retake possession which releases the tenant from lease obligations, but not for damages arising out of the breach. Hi Kai Inv., Ltd. v. Aloha Futons Beds & Waterbeds, Inc., 84 Hawai'i 75, 80-81, 929 P.2d 88, 93-94 (1996).

> Under the common law, if a tenant breaches a lease, a landlord may: (1) terminate the tenancy and sue for damages under breach of contract theory; (2) elect to continue the tenancy, and sue periodically for rent as it accrues; or (3) terminate the lease, retake possession, and absolve tenant from all liability. Under the first option, the landlord must mitigate damages. Termination of the tenancy releases the tenant from lease obligations, including the payment of rent. A landlord, however, still may recover damages for breach of contract.
>
> Furthermore, a basic precept of contract law is that a party who sustains a loss by the breach of another is entitled to compensation that will actually or as precisely as possible compensate the injured party.

Hi Kai Inv., Ltd., 84 Hawai'i at 80-81, 929 P.2d at 93-94 (citations and quotation marks omitted). It has been recognized by this jurisdiction and others that the measure of damages for a

---

[4] Hay's contention that Yamashiro misled him "into believing that they had an agreement to end the Lease on February 19, 2010" is unsupported by the record. Hay admitted that he had never come to a final agreement with Yamashiro for early termination of the lease and that he had understood that this final written termination agreement was required by the lease.

[5] A landlord's remedies for a tenant's failure to pay rent are set forth in the Landlord-Tenant Code at HRS § 521-68 (2006).

breach is future rents less mitigation. Hi Kai Inv., Ltd., Inc., 84 Hawai'i at 81 n.13, 929 P.2d at 94 n.13.

Here, the February 2010 rent had been due under the lease on February 1, 2010. Because Hay failed to pay rent within five days of the February 3, 2010 written demand, Yamashiro terminated the lease on February 11, 2010. Yamashiro was entitled to the rents due under the lease less rent collected if he had been able to secure a new tenant for that period. There was less than a month left on the lease, and Hay did not carry his burden of proving that Yamashiro failed to reasonably mitigate his damages. Malani v. Clapp, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975).

4. The District Court did not err in denying Hay's requested damages because Yamashiro did not engage in self-help and had cause to exclude Hay. Hay argues that the District Court erred in denying his claim under HRS § 521-63(c) (2006)[6] and in awarding Yamashiro damages for Hay's alleged breach of the lease because Yamashiro's self-help eviction violated the Landlord-Tenant Code and the lease.

We cannot find that the District Court erred in finding that Hay acted unreasonably by turning off the electricity to the property and that Hay failed to prove that he is entitled to damages. Given the circumstances in this case, Yamashiro had cause to end Hay's tenancy and to exclude Hay from the property.

---

[6]     HRS § 521-63 provides in relevant part:

§521-63 Tenant's remedy of termination at any time; unlawful removal or exclusion. . . .

(c) If the landlord removes or excludes the tenant from the premises overnight <u>without cause or without court order so authorizing</u>, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount equal to two months rent or free occupancy for two months, and the cost of suit, including reasonable attorney's fees. If the rental agreement is terminated, the landlord shall comply with section 521-44(c). The court may also order any injunctive or other equitable relief it deems proper. If the court determines that the removal or exclusion by the landlord was with cause or was authorized by court order, the court may award the landlord the cost of suit, including reasonable attorney's fees if the attorney is not a salaried employee of the landlord or the landlord's assignee.

(Emphasis added.)

Hay turned off the power on January 29, 2010, despite knowing the potential damage to the pool and landscape. As the District Court stated:

> All the plaintiff was reasonably trying to do here was to make sure that once he had been told by Mr. Hay, or his agents had been told, that he was turning off -- actually told directly that he was turning off the power, that that in fact did not happen and there was not damage to the property. And luckily in this case the damage sustained was basically limited to the plants that didn't get sprinkled.

5. The District Court did not err in applying Hay's small claims award as an offset to the award in this case. Hay argues that the District Court exceeded its jurisdiction in asserting control over Hay's small claims judgment for his security deposit and in failing to award him post-judgment interest on the $6,366.00 small claims award. However, Hay did not object to the District Court applying the small claims award as a credit to the award in this case and therefore the point is waived. Moreover, HRS § 604-7 (1993)[7] gives the district courts the authority to enforce judgments and take such other actions in furtherance of this authority. By giving Hay a credit for his award in the small claims matter against the judgment in this case, the District Court enforced his judgment against Yamashiro.

Hay further claims, without support, that the District Court awarded to Yamashiro attorneys' fees for work performed by Yamashiro's counsel in small claims court, contrary to HRS § 521-

---

[7]      HRS § 604-7 provides, in pertinent part,

(a)    The district courts may

. . . .

(4)    Enforce judgments; and punish contempts according to law;

. . . .

(e)    The several district courts shall have power to make and award judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given them by law or for the promotion of justice in matters pending before them.

6

44(h)(4) (2006).[8] Hay fails to identify specific time entries that he alleges are related to the small claims action, and based on this record we cannot conclude that the District Court abused its discretion in finding reasonable and awarding $5,230.25 in attorney's fees to Yamashiro.[9]

Based on the foregoing, June 23, 2011 Judgment entered by the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

Paul A. Schraff
(Dwyer Schraff Meyer Grant &
Green)
for Defendant/Counterclaim-
Plaintiff/Appellant.

Presiding Judge

Associate Judge

Randall K. Schmitt and
Jordon J. Kimura
(McCorriston Miller Mukai
MacKinnon)
for Plaintiff/Counterclaim-
Defendant/Appellee.

Associate Judge

---

[8] HRS § 521-44(h)(4) states that in any action in the small claims court where the landlord and tenant disagree about the landlord's right to retain the security deposit, "neither the landlord nor the tenant may be represented by an attorney[.]"

[9] Yamashiro requested $5,476.70 in attorney's fees.

7